**SUMMONS ISSUED**

CV 12 3526

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------

YEHUDA LITVINTCHOUK on behalf of himself and all other similarly situated consumers

                Plaintiff,

-against-

DYNAMIC RECOVERY SOLUTIONS, LLC

                Defendant.

-----------------------------------------------------------

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 16 2012 ★
LONG ISLAND OFFICE

**FEUERSTEIN, J**

**TOMLINSON, M**

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff Yehuda Litvintchouk seeks redress for the illegal practices of Dynamic Recovery Solutions, LLC in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within Greenville, South Carolina.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Yehuda Litvintchouk*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. Within the one year immediately preceding this action, a representative of Dynamic Recovery Solutions, LLC called and left a message with a third party, the Plaintiff's Mother.

12. The representative asked the third party to give the Plaintiff a message that he call back Dynamic Recovery Solutions, LLC regarding an important business matter.

13. Defendant also called and left a message with another third party, the Plaintiff's brother.

14. Upon information and belief, the Defendant had the Plaintiff's location information.

15. While a majority of the courts have ruled that under the FDCPA, a debt collector may not have a right to leave a message on a voicemail system and in fact, risks violating either §§ 1692d(6), 1692e(11) or 1692c(b) if it does so. See e.g. Carman v. CBE Group,

Inc., 2011 U.S. Dist. LEXIS 29730 (D. Kan. Mar. 23, 2011). It is well settled that when a debt collector contacts or reaches a third party and chooses to leave **any** message at all to be conveyed to the debtor, such a communication being left with a third party will in fact violate §§ 1692c(b),1692d(6), 1692e(11). Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006) (The court followed Foti, 424 F. Supp. 2d at 655-56 and West v. Nationwide Credit, 998 F. Supp. 642, 644 (W.D.N.C. 1998) in finding that a phone call to a debtor's neighbor that the defendant had a "very important" matter to address was "regarding a debt" because the content of the phone call was "with respect to" the defendant's efforts to collect on plaintiff's alleged arrearage and since a phone message that "advised the debtor that the matter required immediate attention, and provided a specific number to call to discuss the matter" was a communication under the FDCPA "given that the obvious purpose of the message was to provide the debtor with enough information to entice a return call. The court noted "Were this Court to determine that [the debt collectors] Messages did not constitute communications "regarding [Plaintiff's] debt", the Court would be creating an exception to swallow the rule. Under such an exception, debt collectors would be able to abuse and harass consumers with phone calls and other forms of correspondence so long as there is no express mention of the consumers' debts. The court also found: **"A message left by a debt collector which does not state that it pertains to a financial matter could reasonably pertain to a host of issues - including family or medical matters - which may be viewed by a consumer as much more pressing than a debt owed. The apparent purpose of these messages is to be vague enough to provoke the recipient**

**to return the calls in haste. Leaving a message that deceptively entices a consumer to communicate with a debt collector when he is caught off guard is precisely the kind of abuse the FDCPA intended to prevent.")** (emphasis added) See Krapf v. Collectors Training Institute of Illinois, Inc, Dist. Court, WD New York 2010 (Holding that contact with a third party that did not involve an inquiry into Plaintiff's location information but rather left a message for the debtor was a violation of 1692(b), 1692(c)(b), and and 1692(d). West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998) (Section 1692(c)(b) should be broadly interpreted to prohibit a debt collector, in connection with the collection of any debt, from conveying any information relating to a debt to a third party. The consumer's complaint alleging that the debt collector telephoned Plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have consumer return the call, stated a claim for violation of § 1692c(b).) Romano v. Williams & Fudge, Inc., 644 F. Supp. 2d 653 - Dist. Court, WD Pennsylvania 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998 (a complaint alleging that debt collector telephoned Plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have Plaintiff return call stated a claim for violation of Section 1692(c)(b). Thomas v. Consumer Adjustment Co., Inc., 579 F. Supp. 2d 1290 - Dist. Court, ED Missouri 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998 (holding that § 1692(c)(b) does not prohibit only those third-party communications in which some information about the debt is actually disclosed because that reading would render § 1692(b) superfluous.) Blair v. Sherman

Acquisition, Dist. Court, ND Illinois 2004 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998 (All provisions of the statute must be considered and each term must be interpreted equally, so as not to deflect from the meaning of the statute.  Specifically, as to 15 U.S.C. § 1692, every clause and word must be given force and § 1692(c)(b) should be broadly interpreted to prohibit a debt collector from conveying any information to a third party that concerns a debt (except for the purpose of obtaining location information as permitted under § 1692(b).  Mathis v. Omnium Worldwide, Dist. Court, D. Oregon 2006 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998 ("`Other than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives, or employer.  Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs.'".  West v. Nationwide Credit, Inc., 998 F. Supp. 642, 645 n.2 (W.D.N.C. 1998) (quoting S. Rep. No. 95-382, reprinted at 1977 U.S. Code & Admin. News 1695, 1699)  Krapf v. Collectors Training Institute of Illinois, Inc., Dist. Court, WD New York 2010 quoting West v. Nationwide Credit, Inc., 998 F.Supp. 642, 643-45 (W.D.N.C. 1998) (contact with a third party that did not involve an inquiry into Plaintiff's location information, but rather, revealed that Plaintiff had a "business matter." stated a claim under § 1692(c)(b) finding that the Plaintiff's allegation that the Defendant contacted a third party to relay about a "very important" matter regarding the Plaintiff.  Plaintiff sufficiently stated claims under §§ 1692(b), 1692(c)(b), and 1692(d).

And finally, the famous *Foti v. NCO* which gave the name to the now all common FOTI claim already quoted in almost all circuits as a FOTI claim - TO DATE OVER 40 COURTS HAVE ADOPTED FOTIS DEFINITION OF INDIRECT COMMUNICATION. <u>Foti v. NCO Financial Systems, Inc.</u>, 424 F. Supp. 2d 643 - Dist. Court, SD New York 2006 - Judge Karas in *Foti* based their reasoning on West v. Nationwide Credit. In Judge Karas' own words in Foti ("In West v. Nationwide Credit, 998 F.Supp. 642, 644 (W.D.N.C.1998), the court rejected a narrow interpretation of the word "communication," similar to that advanced by NCO in this case. The Plaintiff in West alleged that Defendants violated § 1692(c)(b) by contacting Plaintiffs neighbor. Defendants argued that a debt collector's phone call informing a neighbor that he had a "very important" matter to discuss did not violate § 1692(c)(b) because no information was actually conveyed about Plaintiffs debt. The West court rejected this narrow interpretation of "communication" in favor of a broader interpretation. *Id.* at 644. In reaching this conclusion, the West court noted that "[i]n interpreting the meaning of a statute, it is well settled that `[t]he "plain meaning" of statutory language controls its construction,'" and went on to examine the dictionary definitions of "regarding." *Id.* (quoting 657*657 Summit Inv. & Dev. Corp. v. Leroux, 69 F.3d 608, 610 (1st Cir.1995)). In particular, the court noted: "Webster's Ninth New Collegiate Dictionary (1st ed.1983) defines the term `regard' as, inter alia, `to relate to,' while it provides the following definition of the term `regarding': `with respect to: concerning.'" *Id.* "Based on these definitions, the court believes the ordinary meaning of the term `regarding' is consistent with the broader interpretation advocated by Plaintiff." *Id.* This conclusion

-6-

has been embraced by other courts as well in the context of applying § 1692(c)(b). See, e.g., Henderson, 2001 WL 969105, at *2 (rejecting Defendant's argument that letter sent to employer seeking information about whether Plaintiff was employed, her wage scale, her type of employment, the full name of her employer, and if terminated, the name of her present employer, did not violate § 1692(c)(b) because it did not suggest a debt collection purpose). Thus, given the choice of language by Congress, the FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected. Indeed, a narrow reading of the term "communication" to exclude instances such as the present case where no specific information about a debt is explicitly conveyed could create a significant loophole in the FDCPA, allowing debtors to circumvent the § 1692(e)(11) disclosure requirement, and other provisions of the FDCPA that have a threshold "communication" requirement, merely by not conveying specific information about the debt. In fact, under Defendant's interpretation of "communication," a debt collector could call regularly after the thirty-day validation notice is sent, and not be subject to the § 1692(e)(11) requirement so long as the message did not convey specific information about the debt. Such a reading is inconsistent with 658*658 Congress's intent to protect consumers from "serious and widespread" debt collection abuses.) Krug v. Focus Receivables Mgmt., LLC, 2010 U.S. Dist. LEXIS 45850 (D.N.J. May 11, 2010) (same); Henderson v. Eaton, 2001 U.S. Dist. LEXIS 13243 (E.D. La. Aug.23, 2001) quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998) and holding that under § 1692(c)(b), a debt collector

may not communicate with a third party "in connection with the collection of any debt" except to obtain location information as provided in § 1692(b). To violate § 1692(b), the third party communication need only be "in connection with the collection of a debt;" it need not expressly mention the debt or debt collection as "communication" includes conveying information about a debt "indirectly." 15 U.S.C. § 1692a(2).) Henderson v. Eaton, 2002 U.S. Dist. LEXIS 274 (E.D. La. Jan. 2, 2002). (FDCPA class action certified); Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998) (Finding that a phone call to a debtor's neighbor that the Defendant had a "very important" matter to address was "regarding a debt" because the content of the phone call was "with respect to" the Defendant's efforts to collect on Plaintiff's alleged arrearage. Wideman v. Monterey Fin. Servs., 2009 U.S. Dist. LEXIS 38824 (Finding that the messages left by the Defendant constituted "communications" even though they did not technically mention any information about the debt and stated a claim under § 1692(c)(b) since it was not left for the purpose of obtaining location information which is the only permissible communication with third parties under the FDCPA, quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642, 644-45 (W.D.N.C. 1998); also quoting Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006) (which found that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the name of the company was referenced, directions to return the call were given, and the purpose of the message was to induce the debtor to return the

call). Shand-Pistilli v. Professional Account Servs., Inc., 2010 WL 2978029 (E.D. Pa. July 26, 2010) (The consumer adequately alleged that Defendant contacted a third party in violation of § 1692(c)(b) since the Defendant's inquiry went beyond the boundaries of location information. A debt collector may not seek additional information about a consumer because such information is beyond the scope of location information.) Gburek v. Litton Loan Servicing LP, 614 F.3d 380 (7th Cir. 2010). (A "communication" need not refer to the debt."); Edwards v. Niagra Credit Solutions, Inc., 586 F. Supp. 2d 1346, 1350-51 (N.D. Ga. 2008) (finding that the telephone message at issue, which referenced an "important" matter, contained information regarding a file number and whom to contact, and was left for the purpose of collecting the debt, indirectly conveyed information concerning the debt and, therefore, met the statutory definition of a "communication"); Ramirez v. Apex Financial Management, LLC, 567 F. Supp. 2d 1035, 1041 (N.D. Ill. 2008) (finding that the message was an indirect communication regarding the Plaintiff's debt where it conveyed pertinent information including the fact that there was a matter he should attend to and instructions on how to do so); Hosseinzadeh v. M.R.S. Associates, Inc., 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005) (finding that the messages left by the Defendant constituted "communications" even though they did not technically mention specific information about the debt); Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006) (finding that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the name of the company was referenced, directions to return the call were given, and the

Case 2:12-cv-03526-SJF-AKT Document 1 Filed 07/16/12 Page 10 of 19 PageID #: 10

purpose of the message was to induce the debtor to return the call); Shaver v. Trauner, 97-1309, 1998 U.S.Dist. LEXIS 19648 (C.D.Ill., Jul. 31, 1998) (The only exception in the FDCPA which permits a debt collector to contact third parties is to obtain: "location information about the consumer." 15 U.S.C. § 1692(b). On its face, a communication to someone other than those enumerated in the statute, and which offers or seeks information not limited to "location information." would be unlawful (class and adoption of denial of motion to dismiss), 1998 U.S.Dist. LEXIS 19647 (C.D.Ill., May, 29, 1998) (Magistrate Judge's denial of motion to dismiss). Smith v. NCO Fin. Sys., 2009 U.S. Dist. LEXIS 51576 (E.D. Pa. June 12, 2009) (Holding that the FDCPA prohibits debt collectors from communicating with anyone other than the consumer and the only exception to this broad proscription is that debt collectors may, under Section 1692(b), communicate with persons "other than the consumer for the purpose of acquiring location information about the consumer." The FDCPA defines "location information" as "a consumer's place of abode and his telephone number at such place, or his place of employment". Contact with third parties, such as employers, for any other purpose is prohibited under the FDCPA. The court noted that the Defendants' contention that the FDCPA "does not prohibit all third party contact -- only disclosure of the debt to third parties" is an untenable position, unsupported by authority and clearly at odds with the plain language of the statute.)

16. Said messages were in violation of 15 U.S.C. 1692 §§ 1692c(b) and 1692d for leaving messages with third parties.

-10-

17. On or about June 26, 2012 and June 27, 2012, the Defendant left messages on the Plaintiff's answering machine.

18. The callers failed to identify themselves as debt collectors attempting to collect a debt.

19. Upon information and belief, the said messages were either pre-scripted or pre-recorded.

20. Defendant has engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector.

21. The said telephone messages are in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the messages were from a debt collector which constitutes a deceptive practice.

22. In the oral communication dated on or about June 26, 2012, Defendant failed to disclose that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

23. Said communication violated Section 1692e (11) in that the initial oral communication should have stated that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

24. The Defendant also stated in the conversation on or about June 26, 2012 that there would be a judgment against the Plaintiff, and gave the Plaintiff the impression that he would be unable to respond or defend himself.

25. Said language is a threat to take unintended legal action.

26. Defendant violated §1692e(5) of the FDCPA by threatening to take action against Plaintiff even though Defendant has not and does not intend to take such action.

27. Upon information and belief, on a date better known to the Defendant, the Defendant

called and informed the Plaintiff the creditor was considering the option to send the Plaintiff a 1099-C, or at least to pursue a judgment, and if the Plaintiff would like to resolve the issue on a voluntary basis."

28. Section 1692e of the FDCPA prohibits a debt collector from making false, deceptive, and misleading statements in connection with the collection of a debt.

29. Section 1692e(10) of the FDCPA prohibits a debt collector from using false representations or deceptive means to collect a debt alleged due.

30. Advising Plaintiff that Dynamic Recovery Solutions, LLC's client "was considering sending the Plaintiff a 1099-C..." is deceptive and misleading in violation of the FDCPA.

31. Section 6050P of the Internal Revenue Code requires that an "applicable entity" report any cancellation or discharge of indebtedness in excess of $600.00 if, and only if, there has occurred an identifiable event described in paragraph (b)(2) of that section.

32. Here, there is no basis to conclude that a triggering event has or will occur requiring the creditor to file a Form 1099-C.

33. The gratuitous reference in a collection letter that a collector's client may contact the IRS is a collection ploy which suggests to the least sophisticated consumer that he or she could get in trouble with the IRS for refusal to pay the debt.

34. Defendant's said language violated 15 U.S.C. § 1692e, and e(10), by falsely representing that the creditor "was considering sending the Plaintiff a 1099c,". Such a statement is objectively false. Any forgiveness may not be reported to the IRS. The law prohibits the Defendant from reporting information about the consumer on a I099C form

unless certain "identifiable events" occur, none of which are applicable to the Plaintiff herein.

35. Said language is false and deceptive in that it does not explain that it is only under certain limited circumstances that a 1099C Form may be reported to the IRS.

36. Said language is false and deceptive in that it does not explain that the Defendant is prohibited from reporting any "forgiveness" unless and until both Plaintiff and Defendant have reached an "agreement" on the amount of the debt and the amount that is being discharged.

37. Said language is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on the difference between what the Defendant claims is owed and what the consumer agrees to pay.

38. Said language is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on any forgiven debt that is comprised as interest as opposed to principal.

39. The false statements mislead the consumer as to the impact of attempting to settle the matter for less than what the Defendant claims is owed.

40. Defendant's said statement violated 15 U.S.C. § 1692e, § 1692e(10) and § 1692e(5) by threatening to engage in an act which is legally prohibited. Defendant's statement that the creditor "was considering sending the Plaintiff a 1099-C…" could be read by the least sophisticated consumer, as a threat to engage in an act legally prohibited. The language falsely indicates that unless the consumer paid the full amount that the Defendant alleges is owed, the Defendant is going to unilaterally engage in conduct that

is prohibited by law.

41. Defendant's actions as described herein also violate § 1692e(8), in that the said language is a threat to report information that the Defendant knows, or should have known to be false. Defendant is not permitted to a file 1099C tax form relating to a consumer unless certain "identifiable events" occur. The threat to file such 1099C tax forms without regard for said. "Identifiable events" is a violation of § 1692e(8). The least sophisticated consumer could read this letter to mean that the Defendant is going to report to the IRS that the entire difference between what the Defendant says is owed, and what the Plaintiff pays, is taxable. The Defendant's statement fails to disclose to consumers that there is a distinction between principal and interest.

42. The Defendant's actions as described herein are also unfair and unconscionable in violation of 15 U.S.C. § 1692f; as well as harassing and abusive in violation of 15 U.S.C. § 1692d.

43. The Defendant's statement gives consumers objectively false and deceptive tax advice.

44. The Defendant's statement could mislead the least sophisticated consumer that unless the consumer pays the entire amount that the Defendant alleges is owed on the alleged debt, the consumer is going to be reported to the IRS.

45. The Defendant's statement could mislead the least sophisticated consumer into believing that unless the consumer pays the entire amount Defendant alleges is owed for the debt, the consumer is going to have to pay taxes on the entire unpaid balance.

46. The Defendant voluntarily chooses to give the tax advice found in the Defendant's letter. No tax law or regulation obligates the Defendant to include the notice regarding tax

form 1099C in their collection letters.

47. It is false and deceptive for the Defendant to give erroneous and/or incomplete tax advice to consumers regarding 1099C tax forms.

48. Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is an FDCPA violation. Kuehn v. Cadle Co., 5:04-cv-432-Oc-10GRJ, 2007 U.S. Dist. LEXIS 25764 (M.D.Fla., April 6, 2007). This includes a statement that a 1099 must be issued when a 1099 is not required. Wagner v. Client Services, Inc., 08-5546, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009); many classes have been certified see Sledge v. Sands, 1998 WL 525433(class certified) and see Follansbee v. Discover Fin. Servs., 2000 U.S. Dist. LEXIS 8724 (N.D. Ill. June 14, 2000) granting final approval of the proposed class action settlement and application for attorney fees and incentive award for confusing debt collection letter about canceled debt tax liability.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

49. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty eight (48) as if set forth fully in this cause of action.

50. This cause of action is brought on behalf of Plaintiff and the members of #### classes.

51. Class A consists of all persons whom Defendant's records reflect resided in the state of New York and whose neighbor, or similar party or even someone other than a spouse

within the debtor's home answered a telephone call from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone call was placed to a the consumer's home or similar party seeking payment of a consumer debt by leaving a message with a third party directing the consumer to call the Defendant; and (c) that the telephone messages were in violation 15 U.S.C. 1692 §§ 1692c(b) and 1692d.

52. Class B consists of all persons: (a) whom Defendant's records reflect resided within the State of New York who received telephonic messages from Defendant within one year prior to the date of the within complaint up to and including the date of the filing of this Complaint; (b) involving telephone messages which were placed without setting forth that the communication was from a debt collector; and (c) that the telephone messages were in violation of 15 U.S.C. 1692 §§ 1692e(10) and 1692e(11).

53. Class C consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed to a consumer seeking payment of a consumer debt; and (c) the Defendant threatened to take any action that cannot legally be taken or that is not intended to be taken by Defendant in violation of 15 U.S.C. § 1692e(5).

54. Class D consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of

the complaint; (a) the telephone message was placed to a consumer seeking payment of a consumer debt; and (b) the Defendant violated 15 U.S.C. § 1692d, § 1692e, § 1692e(l0), § 1692e(5), § 1692e(8) and § 1692f, for harassment and by threatening to engage in an act which is legally prohibited.

55. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a) Based on the fact that form telephonic message are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such telephonic messages or calls (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are

consistent with those of the members of the class.

56. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

57. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

58. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

59. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

60. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);

And

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
July 12, 2012

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)